UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARIA ARNOLD, et al.                                                                                                    PLAINTIFFS

v.                                                                                                    CIVIL ACTION NO. 3:04CV-649-S

JAMES WILDER, et al.                                                                                                    DEFENDANTS

**MEMORANDUM OPINION**

These matters come before the court upon the motions of the defendants, James Wilder ("Wilder") and the City of Strathmoor Village ("Strathmoor"), for summary judgment. A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

For the reasons contained herein, we will partially grant and partially deny Wilder and Strathmoor summary judgment.

## BACKGROUND

The plaintiff, Maria Arnold ("Arnold"), lives in the City of Kingsley, across the street from Phyllis Breuer ("Breuer"), the mayor of Kingsley. On October 25, 2003, Breuer called D.J. Reynolds ("Reynolds"), chief of Strathmoor's police department, and complained that there were boys running through yards, jumping fences, and playing where they did not belong.[1] Reynolds, who was not on duty at this time, called officer Jim Wilder ("Wilder") to respond to the situation.

Wilder went to the street in question, but after failing to see any children, he proceeded to Breuer's home and knocked on her door. At that moment, five boys appeared, two from one direction and three from the opposite. Arnold's son, Jacob, was among the boys. As Wilder began a conversation with the boys about respecting other people's property, Arnold walked out of her home, up to Wilder, and asked whether she could help him. Wilder agreed to first speak with Arnold, but when she told the boys to go inside, Wilder argued that he had not finished speaking with them.

What happened next depends on whose version of the events one believes. Wilder argues that Arnold became boisterous and hostile and continued to prevent him from speaking with the boys about their behavior. He asserts that he gave Arnold several warnings before grabbing her arm to place her under arrest. Wilder claims that as he tried to handcuff Arnold, she jerked her arm away and slapped his hand. It was at this point that he tackled her to the ground in an attempt to subdue her. When she continued to resist, he dragged her across the street to his police vehicle where he tried to place her in the backseat. However, Arnold continued to struggle and kicked him the face, which forced him to subdue her with one or two squirts of pepper spray. He denies that Arnold's daughter, Caroline, who at some point walked from her home to join the group, was ever sprayed.

---

[1] By agreement, the City of Kingsley utilizes the City of Strathmoor's police department.

Meanwhile, Arnold contends that it was Wilder who was loud and threatening. She denies Wilder ever grabbing her arm to put her in handcuffs. According to Arnold, Wilder became extremely angry when she mentioned that she had previously spoken to Reynolds about a similar incident reported by Breuer. At some point, Arnold claims that without any provocation from her Wilder threw her to the ground, repeatedly hit her, and eventually dragged her across the street to his police vehicle. Any struggle on her part stemmed from her fear of Wilder and concern for the safety of the children. Arnold asserts that she did not resist being placed into the police vehicle and that Wilder sprayed the pepper spray wildly and for quite a while, hitting not only herself but also Caroline.

It appears undisputed that the boys and Caroline witnessed some, if not the entire, altercation. Furthermore, both parties agree that Wilder eventually got Arnold into the back of the police car, but that when he walked around and sat in the driver's seat, one of the boys let Arnold out. After being released Arnold and the children ran into her house and locked the door. Wilder then summoned assistance from the Louisville Metro Police Department, officers of which persuaded Arnold to let them into her house and to surrender to Wilder. Following her surrender, Wilder transported Arnold to Jefferson County Corrections where she refused medical assistance.

Arnold was charged with (a) disorderly conduct under Ky. Rev. Stat. § 525.060, (b) third degree assault under Ky. Rev. Stat. § 508.025, (c) resisting arrest under Ky. Rev. Stat § 520.090, and (d) second degree escape under Ky. Rev. Stat. § 520.030. The assault charge was subsequently dismissed, and the second degree escape charged was reduced to escape in the third degree under Ky. Rev. Stat. § 520.040. Following a trial on April 4, 2004, in which the jury returned a verdict of not guilty, Arnold filed this suit in Jefferson Circuit Court. She makes the following claims against Wilder:

- Arrest without probable cause, in violation of the U.S. and Kentucky constitutions;

- Malicious prosecution;

- Abuse of process;

- Battery against herself and Caroline[2]; and

- Infliction of emotional distress against herself, Caroline, and Jacob.

She also asserts the following claims against Strathmoor:

- Failure to train, supervise, and counsel Wilder;

- Negligent hiring, supervision, and retention of Wilder; and

- Respondeat superior liability for the alleged state-law torts of Wilder.

We will first address the Wilder's Motion and the claims made against him.

## ANALYSIS

### I. James Wilder

### a. Arrest Without Probable Cause

Wilder asserts that probable cause existed for at least one, if not all, of the charges made against Arnold, and therefore, Arnold's claim for arrest without probable cause must fail. We disagree.

Probable cause "has been defined to be a suspicion founded upon circumstances sufficiently strong to warrant a reasonable person in the belief that the charge is true." *Prewitt v. Sexton*, 777 S.W.2d 891, 896 (Ky. 1989). It is a "flexible, common sense standard." *Williams v. Commonwealth*, 147 S.W.3d 1, 7 (Ky. 2004). "[W]hen no material issue of fact exists, probable cause determinations are legal determinations." *Nails v. Riggs*, 2006 WL 2220993, *3 (6th Cir. Aug. 3, 2006) (citing *Hale v. Kart*, 396 F.3d 721, 728 (6th Cir.2005)). But, "[a]s long as reasonable jurors can disagree about

---

[2] Although Arnold presents her claim in terms of assault, it seems that she intends to claim battery, since in her Complaint she alleges that Wilder grabbed and choked her.

- 4 -

material facts and circumstances facing the officer, probable cause is a question of fact for the jury." *Id.*

As explained above, the case at hand is a virtual "he said, she said." Wilder and Arnold present very different accounts of what happened on October 25, 2003, and it is for a jury to determine the circumstances Wilder was presented with before deciding if he had probable cause to arrest Arnold for disorderly conduct, resisting arrest, assault, or escape. Therefore, we will deny Wilder summary judgment on this issue.

### b. Malicious Prosecution

To assert a claim for malicious prosecution a plaintiff must establish and prove:

> (1) The institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings;
>
> (2) By, or at the instance, of the plaintiff;
>
> (3) The termination of such proceedings in the defendant's favor;
>
> (4) Malice in the institution of such proceedings;
>
> (5) Want or lack of probable cause for the proceedings; and
>
> (6) The suffering of damage as a result of the proceedings.

*Raine v. Draisin*, 621 S.W.2d 895, 899 (Ky. 1981).

Whether Arnold is able to maintain this claim also depends on the existence of probable cause, and as explained above, an issue of material fact exists as to whether Wilder had probable cause to institute and continue judicial proceedings against Arnold. Again, the jury must answer this question. As such, we are unable to grant Wilder summary judgment.

### c. Abuse of Process

An action for abuse of process is based on "the irregular or wrongful employment of a

judicial proceeding." *Stoll Oil Refining Co. v. Pierce*, 337 S.W.2d 263 (Ky.1960). In *Simpson v. Laytart*, 962 S.W.2d 392 (Ky. 1988), the Kentucky Supreme Court laid forth the elements for an abuse of process claim:

> (1) An ulterior purpose and
>
> (2) A willful act in the use of the process not proper in the regular conduct of the proceeding.

*Id.* at 394-95.

Arnold, however, has failed to demonstrate element (2), an improper, willful act. As Wilder points out, it appears that the only improper, willful act Arnold alleges is that Wilder "sought to preclude a suit such as this one . . . in exchange for dismissal of the [criminal] charges against Arnold." However, the law favors settlement efforts, and Arnold's proposition that Wilder's settlement efforts constituted an improper act is contrary to established policy. *See* Fed. R. Evid. 408 (excluding "conduct or statements made in compromise negotiations."). Without a valid assertion of an improper act, Arnold is unable to sustain her abuse of process claim. Therefore, we will grant Wilder summary judgment on this issue.

### d. Battery

In Kentucky a battery occurs when a person intends to cause a contact with the person of another, and, directly or indirectly, unlawfully makes that contact. *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000). Whether Wilder committed a battery upon Arnold or Caroline hinges on whose story the jury believes. If Wilder had probable cause to arrest Arnold, then his contact with her might have been a lawful attempt to subdue her. That is, however, disputed. Thus, summary judgment will be denied for this claim.

### e. Intentional Infliction of Emotional Distress

Kentucky has adopted the *Second Restatement of Torts* in recognizing a cause of action for

intentional infliction of emotional distress. In *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984), the Kentucky Supreme Court stated that

> [o]ne who by *extreme and outrageous* conduct *intentionally or recklessly* causes severe emotional distress to anyone is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Id.* at 251 (emphasis added).

The *Craft* court described such conduct as "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Id.* at 250.

Whether Wilder's conduct was extreme and outrageous depends upon whose version of the events the jury finds more credible. This claim survives summary judgment.

### e. Qualified Immunity

Wilder argues that irrespective of his actions he is protected by qualified immunity. However, we believe that whether Wilder is entitled to this defense is yet another question for the jury.

Qualified immunity will shield a police officer from suit so long as his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *Dominique v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987). Yet, in the case *sub judice*, Arnold has asserted facts that call into question whether Wilder violated clearly established law when he place Arnold under arrest on October 25, 2003 and used physical force in the course of doing so. Nonetheless, Wilder might still be entitled to qualified immunity if he had made a reasonable mistake of fact in arresting Arnold and using the amount of force he did in effectuating that arrest. *Smith v. Thornburg*, 136 F.3d 390, 392 (6th Cir. 1998). However, the facts asserted by Arnold also create a question as to whether Wilder's

actions were reasonable. Summary judgment based on a qualified immunity defense is clearly not appropriate here.

## II. City of Strathmoor

### a. Failure to Train, Supervise and Counsel

Even in the face of the Eleventh Amendment, a plaintiff can maintain a § 1983 action against a city for failure to train by demonstrating that the municipality's training was "inadequate to the tasks that its officers must perform[;] this inadequacy . . . [was] the product of deliberate indifference[;] and this inadequacy . . . [was] closely related to or . . . actually caused the plaintiff's injury." *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir.2003). The Sixth Circuit has recognized two instances where failure to train is actionable: (1) where the city fails to "provide adequate training in light of foreseeable consequences that could result from the lack of instruction . . . [and ] [2] where the city fails to act in response to repeated complaints of constitutional violations by its officers." *Ali v. City of Louisville*, 395 F. Supp.2d 527, 538 (W.D. Ky. 2005) (citing *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir.2003)).

Arnold alleges that Strathmoor failed to adequately train Wilder because (1) it only provided Wilder with the minimal amount of training required for him to maintain his state certification; (2) because it lacked a written policy on the use of force; and (3) because it failed to discover Wilder's propensities for violent behavior by conducting a thorough background check. However, these allegations are insufficient to maintain a cause of action under the standard set forth above. First, minimal training does not necessarily indicate inadequacy, and Arnold has not shown that whatever amount of training Strathmoor provided, its lack of a written policy, or its hiring procedure resulted in a failure to instruct its officers on how to deal with citizens or the amount of force to use against

- 9 -

citizens. Second, Arnold has not alleged that Strathmoor failed to act in response to repeated complaints of constitutional violations by its officers or that repeated complaints even exist. As such, Arnold's claim for failure to train fails, and we will grant Strathmoor summary judgment on this issue.

### b. Negligent Hiring, Supervision, and Retention

In *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438 (Ky. Ct. App. 1998), Kentucky's Court of Appeals stated "that the established law in this Commonwealth recognizes that an employer can be held liable when its failure to exercise ordinary care in hiring or retaining an employee creates a foreseeable risk of harm to a third person." *Id.* at 442. We agree with Arnold that a genuine issue of material fact exists as to whether Strathmoor knew or reasonably should have known that Wilder was unfit for a job as a police officer.

After examining the record, we believe that a jury could find that Wilder's employment history should have alerted Strathmoor to Wilder's alleged propensity for irrational behavior and use of excessive force. Although Wilder's employment record contains many favorable remarks, it also mentions several instances where Wilder was cited for insubordination and volatile behavior. There is also evidence of Wilder having used excessive force against inmates and citizens. Had Strathmoor conducted a more thorough background check, these events might have come to its attention. A jury could conclude that Strathmoor's hiring process resulted in the negligent hiring of Wilder. Thus, Arnold's claim survives summary judgment.

However, Arnold has failed to produce any evidence suggesting that Strathmoor knew or should have known of the need to take supervisory action against Wilder or to terminate him. Therefore, we will grant Strathmoor summary judgment on these portions of Arnold's claim.

### c. *Respondeat Superior*

Generally, a city cannot be held liable simply because it employs a tortfeasor. *Mills v. City of Barbourville*, 389 F.3d 568, 577 (6th Cir. 2004). However, a plaintiff can assert a cause of action against a city under § 1983 for alleged constitutional violations by its officers. The plaintiff will prevail if she can demonstrate that the officer's violations were "formal official acts and policies, and also, under some circumstances . . . practices 'so permanent and well settled' as to constitute established custom." *Id.* Arnold, however, has failed to show that Wilder's alleged wrongdoings were a part of Strathmoor's official policy or well-settled custom. Strathmoor cannot be held liable for "the random, unauthorized acts of its employees." *Id.* at 578.

Nonetheless, Strathmoor may still be vicariously liable for Arnold's state-law tort claims against Wilder. In order to hold Strathmoor liable, Arnold must demonstrate that an agency relationship existed between Strathmoor and Wilder and that Wilder committed the torts in and during the course of his employment. *Ellis v. Jordin*, 571 S.W.2d 635, 638 (Ky. Ct. App. 1978). It is undisputed that Wilder was acting within the scope of his employment at the time Arnold claims he attacked her. However, a genuine issue of material fact remains as to whether Wilder actually battered Arnold and whether his conduct was sufficiently outrageous. As such, we must deny Strathmoor summary judgment on this claim.

A separate order will be entered this date in accordance with this opinion.