FILED
Jeffrey A. Apperson, Clerk

AUG 1 3 2008

U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARIA ARNOLD, et al                                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 3:04CV-649-S

JAMES WILDER, et al                                    DEFENDANTS

## COURT'S INSTRUCTION TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

## A.  ARREST WITHOUT PROBABLE CAUSE

In order to establish her claim for arrest without probable cause, Arnold must prove that it is more likely true than not true that:

First:      Wilder arrested her;

Second:  There was not probable cause to believe that Arnold was committing or had committed a crime; and

Third:     Wilder was acting under color of state law when he arrested Arnold.

"Probable cause" is a suspicion founded upon facts and circumstances sufficiently strong as to warrant a reasonable person in believing that the arrestee had committed or was committing a crime.  It is a flexible, common sense standard.  Probable cause requires only a probability.

You are instructed that the acquittal of Maria Arnold in the criminal case against her does not mean that there was no probable cause for her arrest or for her prosecution.  An acquittal in a criminal case simply means that the prosecution failed to prove beyond a reasonable doubt that she committed the offenses charged.

You are instructed that there was probable cause for the arrest of Arnold if

A.  A reasonable person could have believed that Arnold hindered or delayed the communication to Wilder of information relating to the possible commission of an offense; or

B.  A reasonable person could have believed that Arnold engaged in conduct, in a public place, that was intended to or wantonly did create the risk of inconvenience, annoyance, or alarm, and which involved either fighting or violent, tumultuous, or threatening behavior, or unreasonable noise; or

C.  A reasonable person could have believed that Arnold used force to prevent Wilder from effecting her arrest; or

D.  A reasonable person could have believed that Arnold escaped from custody, by departing when she was not permitted to do so.

"Annoyance" or "alarm" as used in this instruction, means that conduct which affects or is likely to affect a substantial group of persons.  For example, a person may not be arrested for disorderly conduct as a result of activity which annoys only the police, or the situation in which a private citizen engages in argument with the police so long as the argument proceeds without offensively coarse language or conduct which intentionally or wantonly creates a risk of public disturbance.  A sidewalk or street is a public place.  Further, whether noise is "unreasonable" on any given occasion depends upon the time, place, nature, and purpose of the noise.

In this case, the parties have agreed that Wilder was "acting under color of state law" as a police officer employed by the City of Strathmoor Village at the time of the incident in question, and you must therefore accept that fact as proven.

If you find that the above-stated elements have been proved to be more likely true than not true, you will find for Arnold on Verdict Form A and proceed to the instruction on malicious prosecution.  Otherwise you will find for Wilder on Verdict Form A, skip the malicious prosecution instruction, and proceed to the instruction on unreasonable force.

## B.  MALICIOUS PROSECUTION

In order to establish her claim for malicious prosecution, Arnold must prove that it is more likely true than not true that:

First:    A criminal proceeding was commenced against or continued to be maintained against Arnold;

Second:  Wilder commenced or continued to maintain the criminal proceeding against her;

Third:   The criminal proceeding was resolved in favor of Arnold;

Fourth:  Wilder acted with malice in commencing or continuing to maintain the criminal proceeding;

Fifth:   Wilder did not have such information as would induce a person of ordinary prudence to believe that Arnold had committed one or more of the following offenses:

    A. The offense of resisting arrest by intentionally attempting to prevent Wilder from effecting his arrest of her by using or threatening to use physical force or violence against Wilder;

    B. The offense of disorderly conduct by engaging in fighting or in violent tumultuous, or threatening behavior or by making unreasonable noise in a public place with intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk of such result;

    C. The offense of intentionally obstructing, impairing, or hindering the performance of a governmental function by using or threatening to use violence, force, or physical interference, not including obstruction, impairment, or hindrance of an arrest.

You are further instructed that "malice" as used above, means the intentional doing of a wrongful act to the injury of Arnold with an evil or unlawful motive or purpose.

With respect to the definition of disorderly conduct above, "annoyance" or "alarm" means that conduct which affects or is likely to affect a substantial group of persons.  For example, a

- 5 -

person may not be arrested for disorderly conduct as a result of activity which annoys only the police, or the situation in which a private citizen engages in argument with the police so long as the argument proceeds without offensively coarse language or conduct which intentionally or wantonly creates a risk of public disturbance. Further, whether noise is "unreasonable" on any given occasion depends upon the time, place, nature, and purpose of the noise.

You will record your verdict on Verdict Form B. Then you will proceed to the next instruction.

## C. UNREASONABLE FORCE

In order to establish her claim for use of unreasonable force, Arnold must prove that it is more likely true than not true that:

First: Wilder used unreasonable force against her during the course of arresting her;

Second: Wilder was acting under color of state law when engaged in the use of unreasonable force; and

Third: The use of unreasonable force was the proximate cause of the damages sustained by Arnold.

It is a violation of the law for a citizen to be subjected to unreasonable force during the course of being arrested. This means that a police officer has the right to use only such force as is reasonably necessary to restrain a person in the officer's custody. In determining whether the force used in arresting Arnold was unreasonable, you must consider what degree of force a reasonable and prudent officer would have applied in effecting her arrest under the circumstances about which you have heard evidence in this case. The reasonableness of the force used must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Other factors you may consider in determining the reasonableness of the force used, if any, is the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted, if any.

The acts of Wilder must be shown to have been the result of more than simple negligence. The evidence must convince you that the acts were intentional or so unreasonable as to evidence a disregard for a risk that is so obvious that it is assumed the defendant was aware of it and of a magnitude such that it is highly probable that harm would follow.

- 7 -

In this case, the parties have agreed that Wilder was "acting under color of state law" as a police officer employed by the City of Strathmoor Village at the time of the incident in question, and you must therefore accept that fact as proven.

You will record your verdict on Verdict Form C.

If you have found for Wilder on Verdict Forms A, B, and C, you will end your deliberations and return to the courtroom. If you have found for Arnold as to one or more claims, you will proceed to the next instruction.

## D.  DAMAGES

If you have found for Arnold on any verdict form, you will determine what sum or sums of money you believe will fairly and reasonably compensate her for the injury or injuries, if any, you believe from the evidence she sustained as a result of the wrongful conduct of Wilder with respect to any such claim.  You will find an area on Verdict Form D for you to indicate what damages, if any, you award.

With respect to Arnold's claims of arrest without probable cause and use of unreasonable force, if you have found against Wilder on either or both of these claims, but you do not find that she sustained actual damages as a result of such claim, you may return a verdict for Arnold in some nominal sum, such as $1.00.  The award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.  You will record your verdicts on Verdict Form D.

## E.  PUNITIVE DAMAGES

Having awarded the plaintiff a sum of money as actual or nominal damages, you will determine whether to award punitive damages.

The law permits you to award an injured person punitive damages in order to punish the wrongdoer for any extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from the evidence that the conduct of Wilder which caused damage to the plaintiff was maliciously, wantonly, or oppressively done, then you may make an additional award of damages in such amount as you unanimously agree to be proper as punitive damages.

"Maliciously" means prompted or accompanied by ill will, spite, or grudge.

"Wantonly" means done in reckless or callous disregard of or indifference to the rights of the plaintiff.

"Oppressively" means done in a way or manner which injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability, or misfortune of another person.

You will record your verdict awarding punitive damages, if any, in the space provided on Verdict Form E.

In determining the amount of any damages that you decide to award, whether actual, nominal, punitive, or any of them, you should be guided by dispassionate common sense.  You may use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.

- 10 -

On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

**VERDICT FORM A**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>MARIA ARNOLD, et al<br><br>v.<br><br>JAMES WILDER, et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:04CV-649-S |

### INTERROGATORY NO. 1

Do you find that it is more likely true than not true that James Wilder arrested Maria Arnold without probable cause, as defined in these instructions, on the occasion about which you have heard evidence in this case?

Yes _____

No _____

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

## VERDICT FORM B

| | District |
|---|---|
| # United States District Court | Western District of Kentucky |
| **Case Title**<br><br>MARIA ARNOLD, et al<br><br>v.<br><br>JAMES WILDER, et al | **Docket No.**<br><br>CIVIL ACTION NO. 3:04CV-649-S |

### INTERROGATORY NO. 2

Do you find that it is more likely true than not true that James Wilder maliciously prosecuted Maria Arnold, as defined in these instructions, on the occasion about which you have heard evidence in this case?

Yes _____

No _____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM C**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>MARIA ARNOLD, et al<br><br>v.<br><br>JAMES WILDER, et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:04CV-649-S |

### INTERROGATORY NO. 3

Do you find that it is more likely true than not true that James Wilder used unreasonable force, as defined in these instructions, in effecting the arrest of Maria Arnold on the occasion about which you have heard evidence in this case?

Yes _____

No _____

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM D**

| **United States District Court** | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>MARIA ARNOLD, et al<br><br>v.<br><br>JAMES WILDER, et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:04CV-649-S |

What sum or sums do you believe will fairly and reasonably compensate Maria Arnold for the injury or injuries you believe from the evidence she sustained as a direct result of the wrongful conduct of James Wilder?

Physical injury including physical pain
and suffering, if any                                                           $_____

Legal expenses, if any                                                       $_____

Mental pain and suffering, if any                                       $_____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM E**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>MARIA ARNOLD, et al<br><br>v.<br><br>JAMES WILDER, et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:04CV-649-S |

Having awarded at least nominal damages, do you find that punitive damages should be awarded in this case in order to punish James Wilder for extraordinary misconduct, as that term has been defined in these instructions, on the occasions about which you have heard evidence?

Yes _____

No _____

$_____

| | |
|---|---|
| **Foreperson's Signature** | **Date** |