UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARIA ARNOLD, et al.                                                                                          PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:04CV-649-S

JAMES WILDER, et al                                                                                          DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendants, James Wilder, *et al.*, for post-trial relief (DN 134). This matter was tried to a jury which returned a verdict in favor of the plaintiff, Maria Arnold, finding that the defendant, James Wilder, had arrested her without probable cause, employed excessive force in arresting her, and maliciously prosecuted her. The jury rendered a damage award in the following sums:

1) $2,400.00 for physical injury including physical pain and suffering.

2) $5,000.00 for legal expenses.

3) $50,000.00 for mental pain and suffering.

4) Punitive damages in the amount of $1,000,000.00.

In accordance with the stipulation of the City of Strathmore Village, judgment was entered in those sums against Wilder and the City jointly and severally. The plaintiffs now seek post-trial relief, urging a reduction in the punitive damage award, a new trial on the ground of error in a number of evidentiary rulings, and judgment notwithstanding the verdict on the claims for wrongful arrest and malicious prosecution.

The request for directed verdict on the wrongful arrest and malicious prosecution claims will be denied. There was sufficient evidence upon which a reasonable jury could conclude that there was no probable cause to arrest or prosecute Maria Arnold, and the jury was properly instructed on

the elements of the claims. Further, the court finds no error in its evidentiary rulings at trial. Therefore, the motion for new trial will be denied.

The motion for reduction in the punitive damage award will be granted. The jury returned a damage award that included $52,400.00 which included $50,000.00 for mental pain and suffering caused by the incident, in addition to the award for Arnold's physical injury and associated physical pain and suffering. Thus the jury quantified the psychological component, and is presumed to have fully compensated her for her injury. The court must then determine the appropriateness of a punitive damage award which is 17.4 times the compensatory award. This is excessive, and we find the award to be unconstitutional under the guidelines in controlling Supreme Court precedent.

In *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) the court explored the standard for constitutional review of punitive damage awards, noting that "grossly excessive or arbitrary punishments on a tortfeasor" are unconstitutional. *State Farm*, 538 U.S. at 416. "Punitive damages may properly be imposed to further a State's legitimate interest in punishing unlawful conduct and deterring its repetition." *Gore*, 517 U.S. at 568. "While States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm*, 538 U.S. at 416.

The court is directed to consider three guideposts in reviewing punitive damage awards:

1. The degree of reprehensibility of the defendant's misconduct.

2. The disparity between the actual and potential harm suffered by the plaintiff and the punitive damages award; and

3. The difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*Gore*, 517 U.S. 575.

The parties agree that the third guidepost is not in play. There are no civil penalties with which to make a comparison.

With regard to the second guidepost, the disparity between actual harm and the punitive damage award, we have already noted that the ratio of punitive to actual damages in this case is 17.4:1. The Supreme Court stated in *State Farm* that there is no bright-line rule concerning what ratio a punitive damage award may not exceed. However, the court indicated that a ratio as high as 4:1 might be close to the line of constitutional impropriety. The court also noted that

> Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where "a particularly egregious act has resulted in only a small amount of economic damages." [*Gore*, 517 U.S. at 582](positing that a higher ratio *might* be necessary where "the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine"). The converse is also true, however. When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee. The precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff.

*State Farm*, 538 U.S. at 425.

In this case, substantial compensatory damages were awarded to Arnold. Her physical injury and physical pain and suffering resulting from the altercation were found to be minimal. The jury awarded her $50,000.00 for the mental pain and suffering she endured at the hands of the defendant. The court apparently had no difficulty quantifying this harm. Thus we find that the award falls within traditional parameters, rather than within the exceptional circumstance where the injury is hard to detect or the monetary value difficult to determine. Therefore, the benchmark of 4:1 will define the constitutional ceiling for this inquiry, with the appropriate award to be based upon our analysis of the guidepost of reprehensibility, which requires the court to consider five factors with respect to the particular facts of the case.

The court finds that there was no meaningful physical injury in this case, as the plaintiff admits. The initial encounter and physical altercation was extremely brief. However, the plaintiff's injury was greater with respect to constitutional considerations, as recognized by the jury. Wilder's reckless disregard for the safety of Arnold was also acknowledged by the jury in its award. There

- 4 -

was no evidence of disregard for the safety of others, despite Wilder's unrestrained conduct toward Arnold. The consideration of the financial vulnerability of the plaintiff is not relevant as this case does not involve economic injury. Rather, it is the intentional and malicious character of this conduct that makes it reprehensible and deserving of a punitive award. We need not revisit the testimony. It is sufficient to note that the escalation by Wilder from a routine call concerning children running through neighboring yards to his assault and arrest of a mother in the front yard of her home in the presence of her children, compounded by a lack of probable cause for the arrest and prosecution, so shocked the jury that it sent a clear message through its award that this was conduct beyond the bounds of acceptable police behavior. The evidence supports a punitive award on that basis, but that the award is unconstitutionally excessive. We conclude, however, that an award of four times the amount of Arnold's actual damages satisfies the purpose for which the award was made without exceeding constitutional limitations.

Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, James Wilder for reduction of the punitive damage award (DN 134) is **GRANTED,** and **punitive damages are reduced to $229,600.00.** In all other respects the motion is **DENIED.**

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**

August 28, 2009

**Charles R. Simpson III, Judge**
**United States District Court**